USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2025

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

New Union Textra Import & Export Co., Ltd.,
a Chinese Corporation

                                        Plaintiff,          Docket No.: 1:25-cv-3039-MKV
            v.

Emmanuelle Couture LLC, a Florida Limited          Jury trial demanded on all counts
liability Company, and Ruri Corp, an New
York Corporation

                        Defendants.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
(Second, Third, Fourth, Fifth, and Tenth Affirmative Defenses)

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff respectfully moves to strike

Defendant's Second, Third, Fourth, Fifth, and Tenth Affirmative Defenses from the Answer as

legally insufficient, factually unsupported, or improper as a matter of law. Although motions to

strike are generally disfavored, courts in this Circuit grant them when the challenged defenses

are legally deficient and would cause undue prejudice to the Plaintiff if litigated.

## LEGAL STANDARD

The Federal Rule of Civil Procedure Rule 12(f) permits a court to "strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). Although such motions are generally disfavored, they are appropriate where: (1)

there is no question of fact which might allow the defense to succeed; (2) there is no question of

law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by

inclusion of the defense. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir.

2019).

The plausibility standard articulated in *Twombly* also applies to affirmative defenses, albeit in a "context-specific" and relaxed manner, because an answer is not a pleading to which a responsive pleading is required. *Hylton v. Hasten Beds, Inc.*, No. 19-CV-662 (VSB), 2024 U.S. Dist.. LEXIS 65964, at *5–6 (S.D.N.Y. Apr. 9, 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "When assessing whether to strike an affirmative defense, district courts in this Circuit consider first whether the affirmative defense satisfies the plausibility standard articulated in [Twombly]." *Trs. of the N.Y.C. Dist. Council v. M.C.F. Assocs.*, 530 F. Supp. 3d 460, 463-64 (S.D.N.Y. 2021).

The court must also consider whether plaintiffs moving to strike an affirmative defense have shown that no question of law might allow the defense to succeed. *Id.* An affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims. *Id.*

Third, the court must assess the degree to which the moving party is prejudiced by the inclusion of the defense. *Id.* Courts further recognize that prejudice exists when a plaintiff is forced to conduct unnecessary discovery or trial preparation related to a meritless defense. *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999).

## ARGUMENTS

I.   **Part of Defendant's Second Affirmative Defense – Lack of Personal Jurisdiction should be Stricken**

Defendant's personal jurisdiction defense should be stricken as waived.

First, the Defendants did not plead any facts in this affirmative defense, which is far from sufficient. Instead, Defendants stated, "This Court lacks personal and/or subject matter jurisdiction over Defendant," and nothing more.

Also, this affirmative defense was waived by the Defendants. A defense of lack of personal jurisdiction is waived if not timely raised in a Rule 12(b)(2) motion or where a party otherwise submits to the court's jurisdiction. *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 453 (1943). In *Freeman v. Bee Machine Co.*, the Supreme Court held that a defendant waives a personal jurisdiction defense by filing counterclaims, 319 U.S. 448, 453 (1943). The defendant failed to assert this defense in a pre-answer motion and has submitted to this Court's jurisdiction by filing an answer and asserting counterclaims against the plaintiff, which waived their affirmative defense that this Court does not have personal jurisdiction over the defendant.

Further, permitting this defense would require the Plaintiff to address jurisdictional issues that have been waived, prolonging the case and complicating discovery unnecessarily. *Estee Lauder, Inc.*, 189 F.R.D. at 272.

Therefore, Defendants' affirmative defense that this Court lacks personal jurisdiction is barred by the reason as stated above, which warrants that it should be stricken.

II.      **Defendant's Third Affirmative Defense - Plaintiff's Claims are Barred by Statute of Limitation should be Stricken**

The statute of limitations defense is insufficiently pleaded and prejudicial, which should be stricken.

Affirmative defenses based on the statute of limitations must meet the Twombly plausibility standard under a context-specific and relaxed application. *GEOMC*, 918 F.3d at 98.

In *Vyas Taglich Bros., Inc.,* the court struck a statute-of-limitations defense that lacked specific factual allegations, noting that while these defenses generally hinge on the information defendant would generally be aware of before engaging in discovery, defendants must at least allege a plausible factual basis, 2025 U.S. Dist.. LEXIS 80650, at 6–7.

Plaintiff filed breach of contract and unjust enrichment claims against the two defendants, with specified dates pleaded. The information on whether or not the claims are barred by statute of limitations is available to the Defendant. However, Defendant does not specify which claims are untimely, what limitations period applies, or any dates supporting expiration. Instead, Defendants stated that "Plaintiff's claims are barred by the applicable statutes of limitation," without anything more. The conclusory assertion is insufficient and provides no fair notice to the Plaintiff.

Allowing this bare-bones affirmative defense, Plaintiff would be prejudiced by engaging in unnecessary motion practice and factual investigation to respond to a defense that lacks any specific supporting allegations.

Thus, since the defense lacks factual support and would prejudice the Plaintiff, it should be stricken.

III.    **Defendant's Fourth Affirmative Defense – Estoppel, Waiver, and Laches should be Stricken**

The defenses of estoppel, waiver, and laches should be stricken as conclusory, factually unsupported, and implausible.

While equitable defenses like estoppel, waiver, and laches are legally recognized, they must be supported by plausible factual allegations. *Vyas*, 2025 U.S. Dist. LEXIS 80650, at *6–7. In *Vyas*, the court noted that where an affirmative defense simply alleges that claims are barred "by the doctrines of waiver, estoppel, laches, and unclean hands," without more, the defense is insufficient as a matter of law. *Id.* The court further explained that such defenses are based on information that is generally within a defendant's knowledge prior to discovery. *Id.* Because A

waiver defense, in particular, requires a plaintiff to affirmatively manifest relinquishment of a right to the defendant. *Id.* Thus, they require factual allegations to establish plausibility. *Id.*

Here, Defendant asserts in conclusory terms that Plaintiff's claims are barred by estoppel, waiver, and laches—mirroring the exact same boilerplate language deemed insufficient in *Vyas*. 2025 U.S. Dist. LEXIS 80650, at *6–7. Defendant alleges no facts demonstrating a knowing waiver, detrimental reliance, or unreasonable delay. These defenses are precisely the type that require factual support prior to discovery because they depend on Defendant's own knowledge and observations. Their bare assertion is not enough to satisfy Rule 8's notice pleading standard, even under the relaxed standard for affirmative defenses.

Inclusion of these vague and unsupported defenses would expand the scope of discovery into meritless areas, forcing Plaintiff to investigate and respond to theories that Defendant has no factual basis to assert. Because these defenses are facially implausible and would prejudice Plaintiff, they should be stricken.

### IV.  Defendant's Fifth Affirmative Defense – Unclean Hands Should be Stricken

The unclean hands defense must be stricken as legally inapplicable to this action.

The equitable doctrine of unclean hands is unavailable against legal claims for monetary damages. *Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*, 2024 U.S. Dist. LEXIS 25616, at *9. In *Legal Recovery Assocs. LLC*, the court struck an unclean hands defense where the plaintiff sought only legal (monetary) relief. *Id.* The same result was reached in *Lee v. Canada Goose US, Inc.*, which held that the defense of unclean hands does not apply to legal claims. 2021 U.S. Dist. LEXIS 253101, at *6 (S.D.N.Y. Oct. 19, 2021),

Plaintiff seeks legal remedies. This equitable defense cannot apply and is therefore insufficient as a matter of law. Allowing this defense would force Plaintiff to respond to irrelevant legal theories and needlessly complicate the factual and legal landscape of the case. Thus, the Fifth Affirmative Defense is inapplicable and should be stricken.

**V.  Defendant's Tenth Affirmative Defense – Reservation of Right to Amend Should be Stricken**

This reservation of rights is not an affirmative defense as it failed to give notice to the Plaintiff. Therefore, it should be stricken.

A party may not use an answer to preserve a unilateral right to amend pleadings. Any amendment must comply with Rule 15 of the Federal Rules of Civil Procedure. *FTC v. Quincy Bioscience Holding Co.*, 2020 U.S. Dist. LEXIS 36424, at *13–14. In *Quincy Bioscience Holding Co.*, the court struck a similar defense, reasoning that "reserving the right to add defenses circumvents Rule fifteen of the Federal Rules of Civil Procedure and fails to provide fair notice under Rule eight of the Federal Rules of Civil Procedure." *Id.*

As their tenth affirmative defense, Defendants plead, "Defendant reserves the right to amend this Answer and assert additional defenses as may become available during the course of discovery. This "defense" neither contests liability nor raises a valid legal issue. It improperly seeks to bypass procedural rules and causes ambiguity. Plaintiff is prejudiced by the uncertainty and potential surprise inherent in Defendant's attempt to reserve undefined future defenses outside the orderly amendment process.

Because it fails as a matter of law and serves no valid purpose, it should be stricken.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's

Second, Third, Fourth, Fifth, and Tenth Affirmative Defenses pursuant to Federal Rule of Civil

Procedure 12(f).

Respectfully submitted,                                    Dated: June 20, 2025


/s/ Yilun Hu


Yilun Hu
Counsel for Plaintiff
Huang & Hu PC
77 W Washington St Ste 800
Chicago, IL 60602
Phone: 312-782-2090
yhu@huang-hu.com
yyou@huang-hu.com


## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, the foregoing document was served to the counsel

of record listed below via electronic means pursuant to Electronic Case Filing (ECF).

Sukjin Henry Cho
2160 North Central Road, Suite 305
Fort Lee, New Jersey 07024
sjhenrycho@gmail.com

                                                        /s/ Yilun Hu
                                                        Yilun Hu

This motion is procedurally improper. Pursuant to the Court's Individual Rules, Plaintiff must file a request for a pre-motion conference prior to filing a motion to strike. Accordingly, this motion is denied without prejudice.
SO ORDERED.

Date: June 23, 2025                    *Mary Kay Vyskocil*
New York, New York                     Mary Kay Vyskocil
                                       United States District Judge