UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEW UNION TEXTRA IMPORT & EXPORT
CO., LTD.                                                    :

                                                             :        ORDER
                    Plaintiff,                                        25 Civ. 3039 (GWG)
                                                             :

     -v.-
                                                             :

EMMANUELLE COUTURE LLC et al.,
                                                             :

                    Defendants.                              :
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    At a conference held on February 3, 2026, the Court warned Mayer Parets, the corporate agent for defendants Emmanuelle Couture LLC and Ruri Corp., that if an attorney did not file a notice of appearance on behalf of defendants by February 17. 2026, the defendants would be found to be in default.

    No such notice was filed.   Accordingly, the Court finds defendants Emmanuelle Couture LLC and Ruri Corp. to be in default. See, e.g., Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006).

    Plaintiff shall file its motion for a default judgment on or before March 19, 2026.

    The motion shall include Proposed Findings of Fact and Conclusions of Law concerning all damages sought.[1] The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount being sought as to each defendant. At the time the filing is made, plaintiff shall also file proof of service on the defendants at their last known mailing address.   .

    Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has been established; should demonstrate how plaintiff has arrived at the proposed damages figure(s); and should be supported by one or more sworn statements, which may attach any documentary evidence establishing the proposed damages.   Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the sworn statement(s) and/or page of documentary evidence that supports each such Proposed

---

[1]    If sought, prejudgment interest should not be included in this calculation, however.   Instead, the plaintiffs shall propose a start date and daily rate for such interest that will be calculated by the Clerk at the time judgment is entered. The legal basis for any request for prejudgment interest must be set forth in the Conclusions of Law or the memorandum.

Finding.[2] To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Finding should cite to the appropriate paragraph of the complaint.

In lieu of conclusions of law, plaintiff may submit a memorandum of law setting forth the legal principles applicable to plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for pre-judgment interest or attorney's fees).

The Court hereby notifies the parties that it may conduct the hearing on damages based solely upon the written submissions of the parties.   See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989). To the extent that any party seeks an in-court hearing on the issue of damages, such party must set forth in its submission the reason why an in-court hearing is required, including a description of what witnesses would be called to testify at an in-court hearing and the nature of the evidence that would be submitted

Plaintiff is directed to serve forthwith a copy of this Order on the agent of the defendants, Mayer Parets, 1412 Broadway, Suite 404A, New York, NY 10013 by postal mail and by email if an email address is available.   Plaintiff shall file proof of service of this Order within 7 days.

SO ORDERED.

Dated: February 20, 2026
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2]   Any request for attorney's fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Additionally, there must be sworn evidence in the record authenticating the records and providing evidence that they were contemporaneously made.   The Conclusions of Law shall set forth the legal basis for any requested award of attorney's fees.